## Weeks *v.* Edmunds & a.

In an action of trespass, *qu. cl.,* with an added count for the taking and conversion of two tons of the plaintiff's hay, the defendants pleaded that they were servants of the C. Railroad, and, by direction and authority of said railroad, entered upon the premises described, which were within the limits of land taken and located for the construction of the railroad, by virtue of its charter, &c., and there committed the said several supposed trespasses in the declaration mentioned; all of which acts were proper to be done by said railroad and its servants in the running and operation thereof. *Held,* on demurrer, that the plea was no answer to the second count; also, that a more specific and detailed statement of the facts, out of which it was claimed the defendants' right to enter and cut the grass arose, was necessary to constitute a proper plea in confession and avoidance of the first count.

The action is trespass, *qu. cl.,* by Joshua Weeks against Crosby R. Edmunds and Benjamin A. Berry, and for cutting and carrying away and converting two tons of the plaintiff's grass growing thereon. Another count is trespass, for carrying away and converting two tons of the plaintiff's hay.

The defendants pleaded that they were, on the day of the alleged trespasses, and long before had been, servants in the employ of the Concord Railroad, a corporation existing under the laws of the State of New Hampshire; that said Concord Railroad, by virtue of a contract existing long before the date of said alleged trespasses, between said railroad and the Concord & Portsmouth Railroad, another corporation existing in said State at the time of the alleged commission of the alleged trespasses, had the possession of said Concord & Portsmouth Railroad, and run and operated the same; that the said close in said declaration mentioned is, and at the time when said trespasses are alleged to have been committed was, within the limits of the land taken and located by said Concord & Portsmouth Railroad for the construction of said railroad, by virtue of the charter of said railroad and the general laws of said State of New Hampshire, and was inclosed between the fences of said railroad; that all said acts complained of in the plaintiff's declaration as trespasses were proper to be done by said railroad and its servants in the running and operation of said Concord & Portsmouth Railroad, according to the terms of the contract between the railroads aforesaid.

Wherefore, the said defendants, at Greenland aforesaid, by the direction and authority of said Concord Railroad, committed the said several supposed trespasses in said declaration mentioned, as lawfully they might do for the cause aforesaid; and this they are ready to verify.

To this plea there was a general demurrer, and joinder in demurrer.

*Goodall*, for the plaintiff, cited *Blake* v. *Rich*, 34 N. H. 282; *Chapin* v. *Sullivan Railroad*, 39 N. H. 564; *Beverley* v. *Howell*, 6 Pet. 498; *Whitney* v. *Swett*, 22 N. H. 10; *Gilson* v. *Fisk*, 8 N. H. 404.

·*Frink* and *Butler*, for the defendants.

The defendants' plea alleges that this grass was cut within the limits of the located route of the Concord & Portsmouth Railroad, by direction of said road, and that this cutting of the grass was proper to be done in the running and operation of said road.

The two questions to be considered in our view upon the pleadings are,—

*First.* Is the cutting and carrying away the herbage growing by the side of a railway justifiable in law under any circumstances? and

*Second.* If so, is the railroad company the judge of the necessity of such action? or, is the question of its necessity one for the determination of the jury?

*First.* Under the pleadings, it is conceded that the proper operation of the road required the cutting and removal of this grass. The bare statement of this proposition seems a conclusive argument in favor of the position that the defendants, if they found it necessary in the exercise of the rights granted them by their charter, could do the acts complained of, because otherwise the public purpose of their incorporation might be defeated.

The question as to the title which a railroad acquires in land taken for its track has been very recently considered in Vermont; but how far the case turns upon their peculiar statute we do not know. The case seems, however, to have arisen upon facts almost identical with these in the case at bar, and it was holden that no right remained in the former owner to cut and remove the grass. *Troy Railroad* v. *Potter*, 42 Vt. 265.

Redfield, in his treatise on railways, cites with approbation this language of. Chief Justice SHAW, in *Brainard* v. *Clapp*, 10 Cushing 6, as expressing the true title which railroads in this country derive by their compulsory power in taking lands.

The right acquired by a corporation, although technically an easement, yet requires for its enjoyment a use of the land, permanent in its nature and practically exclusive. Redfield on Railways 127.

LADD, J. The plea purports to be a confession and avoidance of the declaration. It, in substance, admits the acts charged as trespasses, and sets up, by way of avoidance, that they were proper to be done by the Concord Railroad and its servants in the running and operation of the Concord & Portsmouth Railroad.

The declaration contains two counts, charging, first, a breaking of the plaintiff's close, &c., and second, a taking and conversion of the plaintiff's property, namely, two tons of hay; by which is undoubtedly meant the hay which the defendants had cut within the fences of the railroad.

It is settled that the exclusive right of property in the trees and herbage upon land taken for the construction of a railroad under the laws of this State remains in the owner of the soil, unchanged by such appropriation, subject to the right of the corporation to construct and operate its railroad over and through it as authorized by law. *Blake* v. *Rich*, 34 N. H. 282. The plea, therefore, amounts to no more than this,—that the defendants took and converted two tons of the plaintiff's hay; but they are not liable in this action, because they were acting as servants and by the direction of the Concord Railroad, and such an act was proper to be done by the Concord Railroad in the running and operation of the Concord & Portsmouth Railroad.

The court cannot say, as matter of law, that the right to take and convert this property results to the railroad from their right to use the land over and through which their road passes for the purposes of their incorporation. What the railroad might legally do in clearing their land of the grass and herbage along the sides of their track is not before us on this demurrer, because the plea admits that they committed the several supposed trespasses in the declaration mentioned, and among them is the charge that they took and converted the hay. We are of opinion that the plea does not show a legal answer to the second count in the writ. Whether it is sufficient to avoid the legal effect of the facts charged in the first count we have not considered. It manifestly affords the plaintiff but little light, as to the right upon which the defendants intend to rely at the trial, to say that they entered and cut the grass because it was proper for them to do so in running and operating the railroad. Some more specific and detailed statement of the facts out of which the right claimed arises, we think, ought to be given.

*Demurrer sustained.*